

**COMMONWEALTH OF MASSACHUSETTS**
**BERKSHIRE COUNTY**
**Public Docket Report**

**1676CV00155**
**Sicotte, Walter  vs.  Time Warner Cable Inc**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 05/27/2016 |
| **ACTION CODE:** | A01 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Services, Labor and Materials | | |
| **CASE DISPOSITION DATE** | 07/13/2016 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 07/13/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

## LINKED CASE

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 08/25/2016 | 07/13/2016 |
| Rule 15 Served By | 09/26/2016 | 07/13/2016 |
| Rule 12/19/20 Served By | 09/26/2016 | 07/13/2016 |
| Answer | 09/26/2016 | 07/13/2016 |
| Rule 12/19/20 Filed By | 10/24/2016 | 07/13/2016 |
| Rule 15 Filed By | 10/24/2016 | 07/13/2016 |
| Rule 12/19/20 Heard By | 11/23/2016 | 07/13/2016 |
| Rule 15 Heard By | 11/23/2016 | 07/13/2016 |
| Discovery | 03/23/2017 | 07/13/2016 |
| Rule 56 Served By | 04/24/2017 | 07/13/2016 |
| Rule 56 Filed By | 05/22/2017 | 07/13/2016 |
| Final Pre-Trial Conference | 09/19/2017 | 07/13/2016 |
| Judgment | 05/28/2018 | 07/13/2016 |

## PARTIES

| Plaintiff | Private Counsel                    568535 |
|---|---|
| Sicotte, Walter | Steffans, Benjamin Knox |
| | Cohen Kinne Valicenti & Cook LLP |
| | Cohen Kinne Valicenti & Cook LLP |
| | 28 North Street |
| | 3rd Floor |
| | Pittsfield, MA 01201 |
| | Work Phone (413) 443-9399 |
| | Added Date: 05/31/2016 |

A True Copy
Attest: _Deborah Capeless_ Clerk



| Defendant
Time Warner Cable Inc | Private Counsel                                    552920
Tarlow,  Daniel Simeon
Prince Lobel Tye LLP
Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
Work Phone (617) 456-8013
Added Date: 07/06/2016 |
| | Private Counsel                                    564288
Edwards,  Joseph  L
Prince Lobel Tye LLP
Prince Lobel Tye LLP
100 Cambridge Street
Suite 2200
Boston, MA 02114
Work Phone (617) 456-8000
Added Date: 07/06/2016 |
| | Private Counsel                                    682335
Baldwin,  Andrew L.
Prince Lobel Tye LLP
Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
Work Phone (617) 456-8182
Added Date: 07/06/2016 |

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| | | | | |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| | Total | 280.00 | 280.00 | 0.00 | 0.00 |

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| Total | | | | |



**COMMONWEALTH OF MASSACHUSETTS**
**BERKSHIRE COUNTY**
**Public Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 05/27/2016 | | Attorney appearance<br>On this date Benjamin Knox Steffans, Esq. added as Private Counsel for Plaintiff Walter Sicotte | |
| 05/27/2016 | 1 | Original civil complaint filed. | |
| 05/27/2016 | 2 | Civil action cover sheet filed. | |
| 05/27/2016 | | Demand for jury trial entered.<br><br>Applies To: Sicotte, Walter (Plaintiff) | |
| 05/31/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 05/31/2016 | |
| 07/06/2016 | | Attorney appearance<br>On this date Daniel Simeon Tarlow, Esq. added as Private Counsel for Defendant Time Warner Cable Inc | |
| 07/06/2016 | | Attorney appearance<br>On this date Andrew L. Baldwin, Esq. added as Private Counsel for Defendant Time Warner Cable Inc | |
| 07/06/2016 | | Attorney appearance<br>On this date Joseph L Edwards, Jr., Esq. added as Private Counsel for Defendant Time Warner Cable Inc | |
| 07/06/2016 | 3 | Defendant's Notice of intent to file motion notice of intent to file notice of removal to the U.S. District Court of Massachusetts, filed<br><br>Applies To: Time Warner Cable Inc (Defendant); Tarlow, Esq., Daniel Simeon (Attorney) on behalf of Time Warner Cable Inc (Defendant); Edwards, Jr., Esq., Joseph L (Attorney) on behalf of Time Warner Cable Inc (Defendant); Baldwin, Esq., Andrew L. (Attorney) on behalf of Time Warner Cable Inc (Defendant) | |
| 07/13/2016 | 4 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Baldwin, Esq., Andrew L. (Attorney) on behalf of Time Warner Cable Inc (Defendant)<br><br>certified copy of docket sheet also mailed | |
| 07/13/2016 | | Case transferred to another court. | |

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                    Superior Court Department
                                                 Civil Action No: 1676CV00155

| | |
|---|---|
| **WALTER SICOTTE,** | |
| **Plaintiff,** | |
| **vs.** | |
| **TIME WARNER CABLE, Inc.,** | |
| **Defendant.** | |



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F I L E D

MAY 27 2016

F I L E D

## COMPLAINT AND JURY DEMAND

Walter Sicotte ("Plaintiff"), by and through his attorneys, Cohen Kinne Valicenti & Cook,

LLP, states as follows for his complaint against Time Warner Cable, Inc. ("Time Warner").

### Parties

1.      Plaintiff is an individual residing at 216 King Richard Drive, Becket,

Massachusetts, 01233.

2.      Defendant Time Warner Cable, Inc. is a Delaware corporation with a principal

place of business located at 60 Columbus Circle, New York, New York 10023.

### Background

3.      Plaintiff began working at Time Warner, as a Massachusetts employee, on or

around May 15, 2004 and at all relevant times was employed by Time Warner under the state laws

of Massachusetts.

4.      At all relevant times, Plaintiff was employed as a technician with an average rate

of pay of approximately $25.00 per hour.

5.      At all relevant times, Plaintiff was scheduled to work 42.5 hours per week.

6.     During the course of Plaintiff's employment at Time Warner he was classified as a non-exempt employee and, accordingly, was entitled to time-and-a-half for all hours worked over 40 in a workweek.

7.     In addition to the scheduled hours listed above, Plaintiff worked time for which he was not compensated, as further discussed below, including (i) during his meal breaks which he missed approximately 60% of the time, resulting in 1.5 hours during a typical week, when he was, for example, traveling to and from worksites, answering phone calls, checking service lists, ordering stock, and checking email; (ii) before his scheduled start time in order to, for example, check email, review work lists, check signal levels, stock orders, and answer phone calls, typically resulting in 20 minutes per shift; and (iii) after his scheduled shift in order to, for example, check emails, review worklists, check signal levels, stock orders, and answer phone calls, typically resulting in 10 minutes per shift.

8.     During Plaintiff's employment, Time Warner implemented an auto-deduct lunch break policy.

9.     Under this policy, Time Warner's timekeeping system automatically deducted time from Plaintiff's paychecks each day for meal breaks.

10.    Plaintiff was deducted at least thirty minutes from his pay each shift he worked.

11.    Plaintiff performed work during this lunch period and was not paid for that time. During this time, Plaintiff traveled to and from worksites, answered phone calls, checked service lists, ordered stock, and checked email.

12.    Time Warner, at all times, was aware that Plaintiff worked through lunch and regularly did not take lunch breaks because (1) Time Warner requested that Plaintiff perform work during his lunch period, (2) that work was performed in full view of Time Warner's managers and

2

supervisors or with their actual knowledge, (3) that work was performed at their direction, (4) Time Warner managers set performance deadlines, standards, and goals that required Plaintiff to work through his lunch period, and (5) Time Warner was told that technicians, including Plaintiff, were working through their meal periods.

13.     Further, Time Warner did not prohibit Plaintiff from working through his unpaid lunch period.

14.     During Plaintiff's employment, Time Warner suffered and permitted Plaintiff to perform work, to Time Warner's benefit, before and after the end of his scheduled shift.

15.     For example, before and after his shift, Plaintiff checked email, reviewed work lists, checked signal levels, stocked orders, and answered phone calls.

16.     Time Warner failed to pay Plaintiff for all time spent performing such work.

17.     Time Warner, at all times, has been aware that Plaintiff worked before and after his scheduled shifts because (1) Time Warner requested that Plaintiff perform work before and after his shift, (2) that work was performed in full view of Time Warner's managers and supervisors or with their actual knowledge, (3) that work was performed at their direction, (4) Time Warner managers set performance deadlines, standards, and goals that required Plaintiff to work before and after his shift, and (5) Time Warner was told that technicians, including Plaintiff, were working before and after their shifts.

18.     Time Warner has not paid Plaintiff for all work performed before and after his shift.

19.     This additional time of at least 4.75 hours of uncompensated time per week, during the period when the auto-deduct policy was in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $178.13 not paid each week.

20.     This additional time of at least 2.75 hours of uncompensated time per week, during the period when the auto-deduct policy was not in effect, should have been paid at overtime rates, resulting in approximately 37.50 per hour or $103.13 not paid each week.

21.     Time Warner and Plaintiff entered into express and implied contracts that were intended to govern their relationship.

22.     A term of those agreements included that Plaintiff would provide labor and services as a technician in exchange for a promise to be paid for all hours worked.

23.     As alleged herein, Plaintiff regularly worked hours for which he was not paid.

24.     Time Warner breached its contract with Plaintiff by failing to pay him/his for all hours worked.

25.     This breach proximately damaged Plaintiff.

26.     Plaintiff conferred a benefit upon Time Warner by performing services, including those identified above, on Time Warner's behalf.

### Count 1 -- Violation of M.G.L. c. 151 s. 1B

27.     Plaintiff incorporates his previous allegations.

28.     Plaintiff is or was a non-exempt employee of Time Warner.

29.     M.G.L. c. 151 s. 1B required Time Warner to pay Plaintiff time-and-a-half for all hours worked over 40 in a work week.

30.     Time Warner violated M.G.L. c. 151 s. 1B by not paying Plaintiff time-and-a-half for all hours worked over 40 in a work week, including time he worked before his shift, after his shift, and during lunch.

31.     Time Warner's violations of M.G.L. c. 151 s 1B entitle Plaintiff to a triple measure of his unpaid wages, attorneys' fees, interest, and costs.

94475

4

### Count 2 -- Violation of M.G.L. c. 149 s. 148

32.     Plaintiff incorporates his previous allegations.

33.     Plaintiff is or was a non-exempt employee of Time Warner.

34.     M.G.L. c. 149 s. 148 required Time Warner to pay Plaintiff all wages to which he was owed, consistent with legal requirements.

35.     Time Warner violated M.G.L. c. 149 s. 148 by not paying Plaintiff all wages to which he was owed, including time he worked before his shift, after his shift, and during lunch.

36.     Time Warner's violations of M.G.L. c. 149 s. 148 entitle Plaintiff to a triple measure of his unpaid wages, attorneys' fees, interest, and costs.

### Count 3 – Breach of Contract

37.     Plaintiff incorporates his previous allegations.

38.     Time Warner and Plaintiff were parties to an agreement pursuant to which Plaintiff promised to perform services on Time Warner's behalf and Time Warner promised to pay Plaintiff for all hours worked.

39.     Plaintiff satisfactorily performed under that agreement by performing services on Time Warner's behalf.

40.     Time Warner did not satisfactorily perform under that agreement by failing to pay Plaintiff for all hours worked.

41.     Time Warner's breach of the parties' agreement has proximately injured Plaintiff.

### Count 4 – Unjust Enrichment

42.     Plaintiff incorporates his previous allegations.

43.     Plaintiff conferred a benefit upon Time Warner by performing services on its behalf.

5

94475

44.     Time Warner, as explained above, was aware of the benefit conferred upon it by Plaintiff.

45.     Time Warner accepted and retained that benefit under unjust and inequitable circumstances insofar as it did not compensate Plaintiff for all hours worked.

**Wherefore,** Plaintiff respectfully requests this Court to enter judgment that:

A.      Time Warner is liable to Plaintiff for the violations of the Massachusetts Wage Act identified in this Complaint;

B.      Time Warner is liable to Plaintiff for breach of contract;

C.      Time Warner is liable to Plaintiff for unjust enrichment;

D.      Time Warner is liable to Plaintiff for compensatory damages in an amount to be proven at trial, plus triple damages, attorneys' fees, interest and costs; and

E.      Such other relief this Court deems just and proper.

Respectfully submitted,

**WALTER SICOTTE,**

By his attorneys,

Benjamin K. Steffans (BBO# 568535)
COHEN KINNE VALICENTI & COOK, LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201
Telephone (413) 443-9399
Facsimile (413) 442-9399

Date:  May 27, 2016

94475

(2)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>1676CV00155 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Walter Sicotte | COUNTY |
|---|---|
| ADDRESS: 216 King Richard Drive | Berkshire |
| Becket, MA 02133 | DEFENDANT(S): Time Warner Cable, Inc. |
| ATTORNEY: Benjamin Steffans | |
| ADDRESS: Cohen Kinne Valicenti & Cook LLP | ADDRESS: 60 Columbus Circle |
| 28 North Street, 3rd Floor | New York, NY 10023 |
| Pittsfield, MA 01201 | |
| BBO: 568535 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AO 1 | Employment Service and Labor | F | ☒ YES   ☐ NO |

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................................... $ _____
2. Total doctor expenses ......................................................... $ _____
3. Total chiropractic expenses ................................................ $ _____
4. Total physical therapy expenses ......................................... $ _____
5. Total other expenses (describe below) ................................. $ _____
                                               Subtotal (A): $ 0.00
B. Documented lost wages and compensation to date ................ $ _____
C. Documented property damages to dated .............................. $ _____
D. Reasonably anticipated future medical and hospital expenses ... $ _____
E. Reasonably anticipated lost wages .................................... $ _____
F. Other documented items of damages (describe below) ............ $ 50,000.00
      Violation of Massachusetts Wage Act (c. 151 and 149), Attorney Fees, Costs, Interest

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
      Vioaltions of Massachusetts Wage Act

                                             TOTAL (A-F): $ 50,000.00

*Stamp: THE COMMONWEALTH OF MASSACHUSETTS / BERKSHIRE S.S. SUPERIOR COURT / FILED / MAY 27 2016 / [signature] Deborah Capeless*

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
_____
_____
                                         TOTAL $ _____

Signature of Attorney/Pro Se Plaintiff: X _____  Date: _____

RELATED ACTIONS: Please provide the case number, case name, and count of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: 5/26/16

TurboLaw (800) 518-8726

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action-Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c.231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence – Personal Injury/Property Damage | (F) |
| B04 | Other Negligence – Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical / Wrongful Death | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death, G.L. c.229 §2A | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c.249 §4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G. L. c. 93 §9 | (X) |
| E07 | Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture, G.L. c.94C §47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 | SDP Petition, G.L. c. 123A §9(b) | |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112 §12S | (X) |
| E94 | Forfeiture, G.L. c265 §56 | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | _F_ | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

TurboLaw (800) 518-8726

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1676CV00155 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Sicotte, Walter vs. Time Warner Cable Inc | Deborah S. Capeless, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Berkshire County Superior Court 76 East Street Pittsfield, MA 01201 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/25/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 09/26/2016 | |
| All motions under MRCP 12, 19, and 20 | 09/26/2016 | 10/24/2016 | 11/23/2016 |
| All motions under MRCP 15 | 09/26/2016 | 10/24/2016 | 11/23/2016 |
| All discovery requests **and depositions** served and non-expert despositions completed | 03/23/2017 | | |
| All motions under MRCP 56 | 04/24/2017 | 05/22/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/19/2017 |
| Case shall be resolved and judgment shall issue by | | | 05/28/2018 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/31/2016 | ASSISTANT CLERK | PHONE (413)499-7487 |
|---|---|---|

Date/Time Printed: 05-31-2016 10:04:55

SCV026I, 11/2014

(3)

COMMONWEALTH OF MASSACHUSETTTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.  1676CV00155

_____
                                        )
WALTER SICOTTE                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
TIME WARNER CABLE, INC.                 )
                                        )
            Defendant.                  )
_____        )

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F I L E D

JUL 06 2016

F I L E D

Deborah Capelan

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. § 1441, Defendant Time Warner Cable, Inc.

("Defendant") has filed a Notice of Removal of the above-captioned action in the United States

District Court for the District of Massachusetts on July 1, 2016.  A copy of the Notice of

Removal is attached hereto as Exhibit A.  Defendant will submit a certified copy of the Notice

once it is received from the District Court.

Please take further notice that, upon filing of this Notice of Removal with the Clerk of the

Berkshire Superior Court in accordance with 28 U.S.C. § 1446(d), the Superior Court shall

proceed no further herein unless and until the case is remanded.

1

2470180.1

TIME WARNER CABLE, INC.

By its attorneys,

Daniel S. Tarlow, BBO# 552920
dtarlow@PrinceLobel.com
Joseph L. Edwards Jr., BBO# 564288
jedwards@PrinceLobel.com
Andrew L. Baldwin, BBO# 682335
abaldwin@princelobel.com
PRINCE LOBEL TYE LLP
1 International Place, Suite 3700
Boston, MA 02110
Phone: (617) 456-8000
Fax: (617) 456-8100

## CERTIFICATE OF SERVICE

I, Andrew L. Baldwin, certify that on July 1, 2016 I served the foregoing document on plaintiff by sending a true and accurate copy by first-class mail, postage prepaid to counsel for plaintiff in this action to:

Benjamin K. Steffans, Esq.
COHEN KINNE VALICENTI & COOK, LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201

Andrew L. Baldwin

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **WALTER SICOTTE,** | : | |
| | : | |
| Plaintiff | : | **Civil Action No.:** |
| | : | |
| v. | : | |
| | : | |
| **TIME WARNER CABLE, INC.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF REMOVAL

Defendant Time Warner Cable Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice, Defendant states as follows:

### I.   PROCEDURAL BACKGROUND AND PREREQUISITES

1.     Plaintiff Walter Sicotte ("Plaintiff") commenced a civil action against Defendant on or about May 27, 2016, in the Superior Court of Berkshire County, Commonwealth of Massachusetts, Case No. 1676CV00155 (the "State Court Action").

2.     This Notice of Removal is timely under 28 U.S.C. §§ 1446(b)-(c) because Plaintiff served Defendant with the Summons and Complaint on June 15, 2016.

3.     In his Complaint, Plaintiff asserts claims for (1) violation of Mass. Gen. Laws ch. 151, § 1B for failure to pay overtime wages, which allows for recovery of treble damages; (2) violation of Mass. Gen. Laws ch. 149, § 148 for failure to pay wages, which allows for recovery of treble damages; (3) breach of contract seeking unpaid wages; and (4) unjust enrichment seeking unpaid wages.

1

4.     Pursuant to 28 U.S.C. §§ 1446 and Rules 5.4(F) and 81.1(a) of the Local Rules of the District of Massachusetts, certified paper copies of all records and proceedings in the State Court Action, as well as a disk containing PDFs of all records and proceedings in the State Court Action, shall be filed with the Clerk of Court within 28 days of this Notice of Removal.  A copy of the Complaint that was served upon Defendant's counsel is attached hereto as Exhibit A.

5.     A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the Superior Court of Berkshire County, Commonwealth of Massachusetts, and shall be served on Plaintiff.

6.     Plaintiff's Complaint names only TWCI as a defendant in this action.  However, TWCI never employed Plaintiff and merged out of existence into Spectrum Management Holding Company, LLC ("Spectrum") before the filing of this action, on May 18, 2016.  (Declaration of Martina Davis ("Davis Decl.") ¶ 4, attached hereto as Exhibit B.)  Instead, TWC Administration LLC ("TWCA") employs Plaintiff (*id.* at ¶ 3) and is the only proper defendant in this action.  While its consent is not technically required since it has not been named in this action and is not a party, TWCA consents to removal of this action and does not oppose being substituted as the appropriately named party in lieu of TWCI at the appropriate time.  Spectrum, as successor by merger to the named Defendant in this action, also consents to the removal of this action.

7.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## II.     DIVERSITY JURISDICTION

8.     Removal of this action is proper under 28 U.S.C. § 1332 because the parties' citizenships are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000, exclusive of interest and costs.

**A.**     **Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

9.     Plaintiff admits that he is a resident of the Commonwealth of Massachusetts (Compl. ¶ 1), and he is therefore a citizen of the Commonwealth of Massachusetts. *See* 28 U.S.C. § 1332(a)(1) (individual is a citizen of state in which he or she is domiciled).

10.     Based upon the below, both Spectrum, the successor by merger to TWCI, and TWCA, the proper defendant, are citizens of the States of Alabama, Connecticut, Delaware, and New York:

a.     TWCA is a Delaware limited liability company with its principal place of business in Missouri. (Davis Decl. ¶ 5.a.) TWCA's sole member is Time Warner Cable Enterprises, LLC ("TWCE"), a Delaware limited liability company with its principal business in Missouri. (*Id.*)

b.     Time Warner Cable, LLC ("TWC LLC"), a Delaware limited liability company with its principal place of business in Missouri, is the sole member of TWCE. (*Id.* at ¶ 5.b.)

c.     The sole member of TWC LLC is Charter Communications Operating, LLC ("Charter Communications Operating"), which is a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.c.)

d.     The sole member of Charter Communications Operating is CCO Holdings, LLC ("CCO Holdings"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.d.)

e.     The sole member of CCO Holdings is CCH I Holdings, LLC ("CCH I Holdings"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.e.)

3

f.      The sole member of CCH I Holdings is CCHC, LLC ("CCHC"), a Delaware limited liability company with its principal place of business in Missouri.  (*Id.* at ¶ 5.f.)

g.      The sole member of CCHC is Charter Communications Holding Company, LLC ("Charter Communications Holding Co."), a Delaware limited liability company with its principal place of business in Missouri.  (*Id.* at ¶ 5.g.)

h.      The sole member of Charter Communications Holding Co. is Spectrum, a Delaware limited liability company with its principal place of business in Missouri.  (*Id.* at ¶ 5.h.)

i.      The sole member of Spectrum is Charter Communications Holdings, LLC ("Charter Communications Holdings"), a Delaware limited liability company with its principal place of business in Missouri.  (*Id.* at ¶ 5.i.)

j.      The members of Charter Communications Holdings are CCH II, LLC ("CCH II"), a Delaware limited liability company with its principal place of business in Missouri, and Advance/Newhouse Partnership, a New York partnership with its principal place of business in New York.  (*Id.* at ¶ 5.j.)

    i.      The members of CCH II are Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut, as well as Coaxial Communications of Central Ohio LLC ("Coaxial Communications"), Insight Communications Company LLC ("Insight Communications"), NaviSite Newco LLC ("NaviSite Newco"), and TWC Sports Newco LLC ("TWC Sports Newco"), all four of which are Delaware limited liability companies with principal places of business in Missouri.  (*Id.* at ¶ 5.k.)

4

1.      The sole member of Insight Communications, NaviSite Newco, and TWC Sports Newco is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut. (*Id.* at ¶ 5.l.)

2.      Insight Communications, NaviSite Newco, and TWC Sports Newco are therefore citizens of the States of Connecticut and Delaware. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

3.      The sole member of Coaxial Communications is Insight Communications, a Delaware limited liability company with a principal place of business in Missouri, whose sole member is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut.  (Davis Decl. ¶ 5.m.)

4.      Because Insight Communications is a citizen of the States of Connecticut and Delaware, Coaxial Communications is a citizen of the States of Connecticut and Delaware.  *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members."); *supra* ¶ 10.j.i.2.

5.      Accordingly, since each of its members is a citizen of the States of Connecticut and Delaware, CCH II is a citizen of the States of Connecticut and Delaware for diversity purposes.  *See Pramco, LLC*, 435

F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

ii.     The partners of Advance/Newhouse Partnership are A/NPC Holdings LLC ("A/NPC Holdings") and A/NP Holdings Sub, LLC ("A/NP Holdings Sub"), both Delaware limited liability companies with principal places of business in New York.  (Davis Decl. ¶ 6.a.)

1.     The sole member of A/NP Holdings Sub is A/NPC Holdings. (*Id.* at ¶ 6.b.)

2.     The members of A/NPC Holdings are Newhouse Cable Holdings LLC ("Newhouse") and Advance Communications Company LLC ("Advance Communications"), both New York limited liability companies with principal places of business in New York.  (*Id.* at ¶ 6.c.)

3.     The sole member of Newhouse is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York.  (*Id.* at 6.d.)

4.     The sole member of Advance Communications is the Birmingham News Company, an Alabama corporation with its principal place of business in Alabama.  (*Id.* at 6.e.)

5.     Accordingly, A/NP Holdings Sub, A/NPC Holdings, and therefore Advance/Newhouse Partnership are citizens of the States of Alabama and New York for diversity purposes.  *Morson v. Kreindler & Kreindler, LLP*, 616 F. Supp. 2d 171, 173 (D. Mass. 2009) ("The citizenship

of an unincorporated entity, such as a partnership, is determined by the citizenship of all its members.").

     iii.    Because its members are citizens of the States of Connecticut, Delaware, and New York, Charter Communications Holdings is a citizen of the States of Alabama, Connecticut, Delaware, and New York for diversity purposes. *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

     k.    Accordingly, at the time of the filing of this action and as of the date of this removal, Spectrum is now and has been a citizen of the States of Alabama, Connecticut, Delaware, and New York for purposes of determining diversity jurisdiction. *See id.* ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

     l.    Likewise, at the time of the filing of this action and as of the date of this removal, TWCA is now and has been a citizen of the States of Alabama, Connecticut, Delaware, and New York for purposes of determining diversity jurisdiction. *See id.* ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

11.    Accordingly, complete diversity exists because Plaintiff is a citizen of a state different than Spectrum, TWCI's successor by merger, and the proper defendant, TWCA.

**B.**    **The Amount in Controversy Exceeds $75,000**

12.    District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

13.     "Because the party invoking federal jurisdiction bears the burden of demonstrating that the court has subject-matter jurisdiction over the case, [Defendant] must show that the amount in controversy exceeds $75,000." *Milford-Bennington R.R. Co., Inc. v. Pan Am Rys., Inc.*, 695 F.3d 175, 178 (1st Cir. 2012) (internal citation omitted).  However, a removing defendant does not need to establish that the jurisdictional threshold is met with legal certainty, or even by a preponderance of the evidence, but is only required to "demonstrate that there is a 'reasonable probability' that the amount in controversy exceeds $75,000." *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 233 (D. Mass. 2010).

14.     Here, Plaintiff has not claimed a specific amount of damages.  Therefore, the Court may look to the factual allegations in the Complaint and in this Notice of Removal to determine if there is a "reasonable probability" that the amount in controversy has been satisfied. *Composite Co., Inc. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013) ("Defendants can satisfy their burden by 'relying on the face of the complaint in the underlying case,' by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting 'summary judgment type evidence.'"); *see also Joseph E. Bennett Co. v. Trio Indus.*, 306 F.2d 546, 548 (1st Cir. 1962) ("On its face the plaintiff's complaint shows an amount in controversy adequate for federal jurisdiction.").

15.     Removal under 28 U.S.C. § 1332 is proper where the aggregate amount of a plaintiff's claims exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  While Defendant denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, interest, attorneys' fees, injunctive relief, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, calculated as follows:

### Plaintiff's Allegations of Unpaid Hours Worked

16.    Until October 2014, Defendant had an "auto-deduct policy" in place in which Defendant's timekeeping system would deduct thirty minutes per day from each employee's scheduled hours to be worked to account for meal breaks.  (Davis Decl. ¶ 7.)  After October 2014, Defendant required its employees to manually punch in and out of the timekeeping system for their meal breaks.  (*Id.*)

17.    Defendant has employed Plaintiff as a technician since May 2004.  (Compl. ¶¶ 3-4.)

18.    Plaintiff alleges that during his employment with Defendant he often "performed work during his lunch period and was not paid for that time."  (*Id.* ¶ 11.)  According to Plaintiff, he worked through approximately sixty percent of his meal breaks.  (*Id.* at ¶ 7.)

19.    Plaintiff also contends that during his employment, Defendant "suffered and permitted Plaintiff to perform work . . . before and after the end of his scheduled shift," but "failed to pay Plaintiff for all time spent performing such work." (*Id.* at ¶¶ 14, 16.)

20.    Plaintiff alleges in his Complaint that "at least 4.75 hours of uncompensated time per week, during the period when the auto-deduct policy was in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $178.13 not paid each week."  (*Id.* ¶ 19.)  He also contends that "at least 2.75 hours of uncompensated time per week, during the period when the auto-deduct policy was not in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $103.13 not paid each week."  (*Id.* at ¶ 20.)

### Plaintiff's Claims for Unpaid Overtime Wages and for Violation of the Massachusetts Wage Act (First and Second Causes of Action)

21.    "Under the Massachusetts Wage Act, Mass. Gen. Laws. Ch. 149, § 148, an employee must be paid within six or seven days of the termination of the pay period during which

the wages were earned[.]'" *Guevara-Salgado v. Hayes-Meninno, LLC*, 125 F. Supp. 3d 379, 386

(D. Mass. 2015).  An employer who violates this statute must pay the plaintiff treble damages "as

liquidated damages, for any loss of wages, and an award of costs and reasonable attorney's fees."

*Id.*; Mass. Gen. Laws ch. 149, § 50.

22.     Similarly, a successful claim for unpaid overtime wages entitles a plaintiff to "treble

damages, as liquidated damages, for lost overtime compensation," as well as "the costs of the

litigation and reasonable attorney's fees."  Mass. Gen. Laws ch. 151, § 1B; *see also Goodrow v.*

*Lane Bryant, Inc.*, 432 Mass. 165, 178 (2000).

23.     The relevant time period covering Plaintiff's claims for unpaid wages and unpaid

overtime wages is three years.  *See* Mass. Gen. Laws. ch. 151, § 20A ("The provisions of this

chapter shall not be applicable to any cause of action accruing more than 3 years prior to the date

of filing in court of a criminal or civil action."); *Drexler v. Tel Nexx, Inc.*, 125 F. Supp. 3d 361,

378 (D. Mass. 2015) ("The statute of limitations for Wage Act claims is three years.")

24.     According to Plaintiff's allegations, Defendant violated Mass. Gen. Laws ch. 149,

§ 148 "by not paying Plaintiff all wages to which he was owed, including time he worked before

his shift, after his shift, and during lunch."  (Compl. ¶ 35.)

25.     Plaintiff also alleges that Defendant violated Mass. Gen. Laws ch. 151, ¶ 1B "by

not paying Plaintiff time-and-a-half for all hours worked over 40 in a work week, including time

he worked before his shift, after his shift, and during lunch." (*Id.* at ¶ 30.)

26.     Over the three-year time span relevant to this claim – from May 27, 2013 through

the filing of this instant notice of removal – Plaintiff worked at least 161 full weeks.

27.     Using Plaintiff's own allegations, he seeks to recover **$65,561.79** in connection

with his claims for unpaid wages and unpaid overtime wages, calculated as follows:

a.      $37,407.30 while Defendant's auto-deduct policy was in place ($178.13 weekly wages x 70 weeks from May 31, 2013 to October 2, 2014 x 3 for treble damages), plus

b.      $28,154.49 after Defendant discontinued its auto-deduct policy ($103.13 weekly wages x 91 weeks from October 3, 2014 to June 30, 2016 x 3 for treble damages).

## Plaintiff's Claims for Breach of Contract and Unjust Enrichment (Third and Fourth Causes of Action)

28.      The relevant time period covering Plaintiff's breach of contract and unjust enrichment claims is six years. Mass. Gen. Laws ch. 260, § 2 ("Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."); *Palandijan v. Pahlavi*, 614 F. Supp. 1569, 1577 (D. Mass. 1985) (applying six-year statute of limitations to unjust enrichment claim "to recover from another money which in good equity and good conscience he is not entitled to keep").

29.      According to Plaintiff, "Time Warner and Plaintiff were parties to an agreement pursuant to which Plaintiff promised to perform services on Time Warner's behalf and Time Warner promised to pay Plaintiff for all hours worked." (Compl. ¶ 38.) Plaintiff alleges that he complied with his obligations under the alleged contract between him and Defendant, but that Defendant breached the contract "by failing to pay Plaintiff for all hours worked." (*Id.* at ¶¶ 39-40.)

30.      Plaintiff also contends that he "conferred a benefit upon Time Warner by performing services on its behalf," but that "Time Warner accepted and retained that benefit under unjust and inequitable circumstances insofar as it did not compensate Plaintiff for all hours worked." (*Id.* ¶¶ 43, 45.)

31.     Over the three-year time span relevant to these claims for breach of contract and

unjust enrichment – from May 27, 2010 to May 26, 2013, excluding the period when Plaintiff

would be entitled to treble damages as discussed *supra* – Plaintiff worked at least 158 full weeks.

32.     Using Plaintiff's own allegations, he looks to recover **$28,144.54** in connection

with his claims for breach of contract and unjust enrichment ($178.13 weekly wages x 158 weeks).

33.     Accordingly, Plaintiff's alleged damages total **$93,706.33** ($65,561.79 for

Plaintiff's First and Second Causes of Action plus $28,144.54 for Plaintiff's Third and Fourth

Causes of Action).

### Attorney's Fees

34.     "Even though attorney's fees are typically excluded from the amount-in-

controversy determination, there are two exceptions to this rule: when the fees are provided for by

contract, and when a statute mandates or allows payment of the fees." *Get in Shape Franchise,*

*Inc. v. TFL Fishers, LLC*, No. 15-12997-PBS, --- F. Supp. 3d ---, 2016 WL 951107, at *7 (D.

Mass. Mar. 9, 2016). Both Mass. Gen. Laws ch. 151, § 1B and Mass. Gen. Laws ch. 149, § 148

allow for the recovery attorney's fees. *See* Mass. Gen. Laws ch. 151, § 1B (allowing for recovery

of attorney's fees in connection with claim for unpaid overtime compensation); Mass. Gen. Laws

ch. 149, § 50 (allowing for recovery of attorney's fees in connection with claim for violation of

the Wage Act). Accordingly, attorney's fees may be considered with respect to the amount-in-

controversy calculation. *Get in Shape Franchise, Inc.*, 2016 WL 951107, at *7.

35.     This Court has recently held that in claims for unpaid wage, reasonable attorney's

fees and expenses would "likely [be] in the neighborhood of $15,000 to $25,000, and no greater

than $50,000." *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 24 (D. Mass. 2014)

(considering attorney's fees for amount-in-controversy calculation for unpaid wage claim).

36.     Thus, assuming the Court would award $15,000 in attorney's fees, **the total amount in controversy is at least $108,706.33** ($93,706.33 in damages plus $15,000 in attorney's fees), and exceeds the $75,000 threshold.

37.     WHEREFORE, having provided notice as required by law and demonstrating the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the above-entitled action should be removed from the Superior Court of Berkshire County, Commonwealth of Massachusetts to this Court.

Dated:  July 1, 2016

                    /s/ Andrew L. Baldwin
                    ANTHONY GIARDINO, BBO # 672272
                    agiardino@kcozlaw.com
                    KABAT CHAPMAN & OZMER LLP
                    171 17th Street NW
                    Suite 1500
                    Atlanta, GA 30363
                    Tel:  (404) 400-7300
                    Fax:  (404) 400-7333

                    DANIEL TARLOW, BBO# 552920
                    dtarlow@princelobel.com
                    JOSEPH EDWARDS JR., BBO # 564288
                    jedwards@princelobel.com
                    ANDREW L. BALDWIN, BBO # 682335
                    abaldwin@princelobel.com
                    PRINCE LOBEL TYE LLP
                    1 International Place, Suite 3700
                    Boston, MA 02110
                    Tel:  (617) 456-8000
                    Fax:  (617) 456-8100

                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of

record for Plaintiff, identified below, by U.S. Mail on July 1, 2016:

Benjamin K. Steffans
Cohene Kinne Valicenti & Cook LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201

*/s/ Andrew L. Baldwin*
Andrew L. Baldwin

14

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

Superior Court Department
Civil Action No:

WALTER SICOTTE,

           **Plaintiff,**

vs.

TIME WARNER CABLE, Inc.,

           **Defendant.**



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

F
I
L
E
D

MAY 27 2016

F
I
L
E
D

## COMPLAINT AND JURY DEMAND

Walter Sicotte ("Plaintiff"), by and through his attorneys, Cohen Kinne Valicenti & Cook, LLP, states as follows for his complaint against Time Warner Cable, Inc. ("Time Warner").

### Parties

1.    Plaintiff is an individual residing at 216 King Richard Drive, Becket, Massachusetts, 01233.

2.    Defendant Time Warner Cable, Inc. is a Delaware corporation with a principal place of business located at 60 Columbus Circle, New York, New York 10023.

### Background

3.    Plaintiff began working at Time Warner, as a Massachusetts employee, on or around May 15, 2004 and at all relevant times was employed by Time Warner under the state laws of Massachusetts.

4.    At all relevant times, Plaintiff was employed as a technician with an average rate of pay of approximately $25.00 per hour.

5.    At all relevant times, Plaintiff was scheduled to work 42.5 hours per week.

94475

1

6.     During the course of Plaintiff's employment at Time Warner he was classified as a non-exempt employee and, accordingly, was entitled to time-and-a-half for all hours worked over 40 in a workweek.

7.     In addition to the scheduled hours listed above, Plaintiff worked time for which he was not compensated, as further discussed below, including (i) during his meal breaks which he missed approximately 60% of the time, resulting in 1.5 hours during a typical week, when he was, for example, traveling to and from worksites, answering phone calls, checking service lists, ordering stock, and checking email; (ii) before his scheduled start time in order to, for example, check email, review work lists, check signal levels, stock orders, and answer phone calls, typically resulting in 20 minutes per shift; and (iii) after his scheduled shift in order to, for example, check emails, review worklists, check signal levels, stock orders, and answer phone calls, typically resulting in 10 minutes per shift.

8.     During Plaintiff's employment, Time Warner implemented an auto-deduct lunch break policy.

9.     Under this policy, Time Warner's timekeeping system automatically deducted time from Plaintiff's paychecks each day for meal breaks.

10.     Plaintiff was deducted at least thirty minutes from his pay each shift he worked.

11.     Plaintiff performed work during this lunch period and was not paid for that time. During this time, Plaintiff traveled to and from worksites, answered phone calls, checked service lists, ordered stock, and checked email.

12.     Time Warner, at all times, was aware that Plaintiff worked through lunch and regularly did not take lunch breaks because (1) Time Warner requested that Plaintiff perform work during his lunch period, (2) that work was performed in full view of Time Warner's managers and

supervisors or with their actual knowledge, (3) that work was performed at their direction, (4) Time Warner managers set performance deadlines, standards, and goals that required Plaintiff to work through his lunch period, and (5) Time Warner was told that technicians, including Plaintiff, were working through their meal periods.

13.     Further, Time Warner did not prohibit Plaintiff from working through his unpaid lunch period.

14.     During Plaintiff's employment, Time Warner suffered and permitted Plaintiff to perform work, to Time Warner's benefit, before and after the end of his scheduled shift.

15.     For example, before and after his shift, Plaintiff checked email, reviewed work lists, checked signal levels, stocked orders, and answered phone calls.

16.     Time Warner failed to pay Plaintiff for all time spent performing such work.

17.     Time Warner, at all times, has been aware that Plaintiff worked before and after his scheduled shifts because (1) Time Warner requested that Plaintiff perform work before and after his shift, (2) that work was performed in full view of Time Warner's managers and supervisors or with their actual knowledge, (3) that work was performed at their direction, (4) Time Warner managers set performance deadlines, standards, and goals that required Plaintiff to work before and after his shift, and (5) Time Warner was told that technicians, including Plaintiff, were working before and after their shifts.

18.     Time Warner has not paid Plaintiff for all work performed before and after his shift.

19.     This additional time of at least 4.75 hours of uncompensated time per week, during the period when the auto-deduct policy was in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $178.13 not paid each week.

94475

3

20.     This additional time of at least 2.75 hours of uncompensated time per week, during the period when the auto-deduct policy was not in effect, should have been paid at overtime rates, resulting in approximately 37.50 per hour or $103.13 not paid each week.

21.     Time Warner and Plaintiff entered into express and implied contracts that were intended to govern their relationship.

22.     A term of those agreements included that Plaintiff would provide labor and services as a technician in exchange for a promise to be paid for all hours worked.

23.     As alleged herein, Plaintiff regularly worked hours for which he was not paid.

24.     Time Warner breached its contract with Plaintiff by failing to pay him/his for all hours worked.

25.     This breach proximately damaged Plaintiff.

26.     Plaintiff conferred a benefit upon Time Warner by performing services, including those identified above, on Time Warner's behalf.

### Count 1 -- Violation of M.G.L. c. 151 s. 1B

27.     Plaintiff incorporates his previous allegations.

28.     Plaintiff is or was a non-exempt employee of Time Warner.

29.     M.G.L. c. 151 s. 1B required Time Warner to pay Plaintiff time-and-a-half for all hours worked over 40 in a work week.

30.     Time Warner violated M.G.L. c. 151 s. 1B by not paying Plaintiff time-and-a-half for all hours worked over 40 in a work week, including time he worked before his shift, after his shift, and during lunch.

31.     Time Warner's violations of M.G.L. c. 151 s 1B entitle Plaintiff to a triple measure of his unpaid wages, attorneys' fees, interest, and costs.

94475                                                                                           4

## Count 2 -- Violation of M.G.L. c. 149 s. 148

32.     Plaintiff incorporates his previous allegations.

33.     Plaintiff is or was a non-exempt employee of Time Warner.

34.     M.G.L. c. 149 s. 148 required Time Warner to pay Plaintiff all wages to which he was owed, consistent with legal requirements.

35.     Time Warner violated M.G.L. c. 149 s. 148 by not paying Plaintiff all wages to which he was owed, including time he worked before his shift, after his shift, and during lunch.

36.     Time Warner's violations of M.G.L. c. 149 s. 148 entitle Plaintiff to a triple measure of his unpaid wages, attorneys' fees, interest, and costs.

## Count 3 – Breach of Contract

37.     Plaintiff incorporates his previous allegations.

38.     Time Warner and Plaintiff were parties to an agreement pursuant to which Plaintiff promised to perform services on Time Warner's behalf and Time Warner promised to pay Plaintiff for all hours worked.

39.     Plaintiff satisfactorily performed under that agreement by performing services on Time Warner's behalf.

40.     Time Warner did not satisfactorily perform under that agreement by failing to pay Plaintiff for all hours worked.

41.     Time Warner's breach of the parties' agreement has proximately injured Plaintiff.

## Count 4 – Unjust Enrichment

42.     Plaintiff incorporates his previous allegations.

43.     Plaintiff conferred a benefit upon Time Warner by performing services on its behalf.

94475

5

44.     Time Warner, as explained above, was aware of the benefit conferred upon it by Plaintiff.

45.     Time Warner accepted and retained that benefit under unjust and inequitable circumstances insofar as it did not compensate Plaintiff for all hours worked.

**Wherefore,** Plaintiff respectfully requests this Court to enter judgment that:

A.     Time Warner is liable to Plaintiff for the violations of the Massachusetts Wage Act identified in this Complaint;

B.     Time Warner is liable to Plaintiff for breach of contract;

C.     Time Warner is liable to Plaintiff for unjust enrichment;

D.     Time Warner is liable to Plaintiff for compensatory damages in an amount to be proven at trial, plus triple damages, attorneys' fees, interest and costs; and

E.     Such other relief this Court deems just and proper.

Respectfully submitted,

**WALTER SICOTTE,**

By his attorneys,

Benjamin K. Steffans (BBO# 568535)
COHEN KINNE VALICENTI & COOK, LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201
Telephone (413) 443-9399
Facsimile (413) 442-9399

Date: May 27, 2016

94475                                                                                        6

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S): Walter Sicotte | COUNTY |
| ADDRESS: 216 King Richard Drive | Berkshire |
| Becket, MA 02133 | DEFENDANT(S): Time Warner Cable, Inc. |
| ATTORNEY: Benjamin Steffans | |
| ADDRESS: Cohen Kinne Valicenti & Cook LLP | ADDRESS: 60 Columbus Circle |
| 28 North Street, 3rd Floor | New York, NY 10023 |
| Pittsfield, MA 01201 | |
| BBO: 568535 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AO 1 | Employment Service and Labor | F | ☒ YES   ☐ NO |

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................................................................................... $ _____
2. Total doctor expenses ........................................................................................................... $ _____
3. Total chiropractic expenses ................................................................................................... $ _____
4. Total physical therapy expenses ............................................................................................ $ _____
5. Total other expenses (describe below) ................................................................................... $ _____
                                                                   Subtotal (A): $ 0.00
B. Documented lost wages and compensation to date .................................................................. $ _____
C. Documented property damages to dated .................................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................. $ _____
E. Reasonably anticipated lost wages ......................................................................................... $ _____
F. Other documented items of damages (describe below) ............................................................. $ 50,000.00
       Violation of Massachusetts Wage Act (c. 151 and 149), Attorney Fees, Costs, Interest

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
       Vioaltions of Massachusetts Wage Act

                                               TOTAL (A-F): $ 50,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                              TOTAL $ _____

Signature of Attorney/Pro Se Plaintiff: X _____ Date: _____

RELATED ACTIONS: Please provide the case number, case name, and count of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _*[signature]*_     Date: 5/21/16

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | | |
|---|---|---|
| AA1 | Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action-Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (A) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c.231A | (A) |
| D14 | Dissolution of a Corporation | (A) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence – Personal Injury/Property Damage | (F) |
| B04 | Other Negligence – Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical / Wrongful Death | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death, G.L. c.229 §2A | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c.10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c.258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c.249 §4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G. L. c. 93 §9 | (X) |
| E07 | Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture, G.L. c.94C §47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 | SDP Petition, G.L. c. 123A §9(b) | |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112 §12S | (X) |
| E94 | Forfeiture, G.L. c265 §56 | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | _F_ | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

TurboLaw (800) 518-8726

# EXHIBIT B

## DECLARATION OF MARTINA DAVIS IN SUPPORT OF REMOVAL

I, Martina Davis, declare as follows:

1.　　I am employed as a Manager, Corporate Legal Affairs in New York, New York. I have personal knowledge of the matters set forth herein, including knowledge based upon corporate records and data which are within my custody and control and the knowledge gained from reviewing the corporate records of Time Warner Cable Inc. ("TWCI") and of its successor by merger, Spectrum Management Holding Company, LLC ("Spectrum"), which are maintained in the ordinary course of business. If called and sworn as a witness, I could and would competently testify thereto.

2.　　This declaration is submitted in support of the removal of the following cases pending in the Superior Court of Berkshire County, Commonwealth of Massachusetts: 1676CV00151; 1676CV00152; 1676CV00153; 1676CV00154; 1676CV00155; 1676CV00159; 1676CV00160; 1676CV00161; and 1676CV00175.

3.　　Time Warner Cable Administration ("TWCA") currently employs or has employed the plaintiffs in the above-listed cases pending in the Superior Court of Berkshire County, Commonwealth of Massachusetts.

4.　　On May 18, 2016, TWCI, a former Delaware corporation with its principal place of business in New York, merged out of existence into Spectrum Management Holding Company, LLC ("Spectrum").

5.　　Moreover, based upon my review of the Company's business records and information, I have knowledge that:

     a.     TWCA is a Delaware limited liability company with its principal place of business in Missouri.   TWCA's sole member is Time Warner Cable Enterprises LLC ("TWCE"), a Delaware limited liability company with its principal business in Missouri.

     b.     Time Warner Cable, LLC ("TWC LLC"), a Delaware limited liability company with its principal place of business in Missouri, is the sole member of TWCE.

     c.     The sole member of TWC LLC is Charter Communications Operating, LLC ("Charter Communications Operating"), which is a Delaware limited liability company with its principal place of business in Missouri.

     d.     The sole member of Charter Communications Operating is CCO Holdings, LLC ("CCO Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

     e.     The sole member of CCO Holdings is CCH I Holdings, LLC ("CCH I Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

     f.     The sole member of CCH I Holdings is CCHC, LLC ("CCHC"), a Delaware limited liability company with its principal place of business in Missouri.

     g.     The sole member of CCHC is Charter Communications Holding Company, LLC ("Charter Communications Holding Co."), a Delaware limited liability company with its principal place of business in Missouri.

     h.     The sole member of Charter Communications Holding Co. is Spectrum, a Delaware limited liability company with its principal place of business in Missouri.

i.      The sole member of Spectrum is Charter Communications Holdings, LLC ("Charter Communications Holdings"), a Delaware limited liability company with its principal place of business in Missouri.

j.      The members of Charter Communications Holdings are CCH II, LLC ("CCH II"), a Delaware limited liability company with its principal place of business in Missouri, and Advance/Newhouse Partnership, a New York partnership with its principal place of business in New York.

k.      The members of CCH II are Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut, as well as Coaxial Communications of Central Ohio LLC ("Coaxial Communications"), Insight Communications Company LLC ("Insight Communications"), NaviSite Newco LLC ("NaviSite Newco"), and TWC Sports Newco LLC ("TWC Sports Newco"), all four of which are Delaware limited liability companies with principal places of business in Missouri.

l.      The sole member of Insight Communications, NaviSite Newco, and TWC Sports Newco is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut.

m.      The sole member of Coaxial Communications is Insight Communications, a Delaware limited liability company with a principal place of business in Missouri.

6.      Based upon public records made available to me, I have knowledge that:

a.      The partners of Advance/Newhouse Partnership are A/NPC Holdings LLC ("A/NPC Holdings") and A/NP Holdings Sub, LLC ("A/NP Holdings Sub"), both Delaware limited liability companies with principal places of business in New York.

b.    The sole member of A/NP Holdings Sub is A/NPC Holdings.

c.    The members of A/NPC Holdings are Newhouse Cable Holdings LLC ("Newhouse") and Advance Communications Company LLC ("Advance Communications"), both New York limited liability companies with principal places of business in New York.

d.    The sole member of Newhouse is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York.

e.    The sole member of Advance Communications is the Birmingham News Company, an Alabama corporation with its principal place of business in Alabama.

7.    Based upon corporate information made available to me, I have knowledge that until October, 2014, Defendant had an "auto-deduct policy" in place in which Defendant's timekeeping system would deduct thirty minutes per day from each employee's scheduled hours to be worked to account for meal breaks. After October 2014, Defendant required its employees to manually punch in and out of the timekeeping system for their meal breaks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of July, 2016, at New York, New York.

MARTINA DAVIS



# COMMONWEALTH OF MASSACHUSETTTS

BERKSHIRE, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 1676CV00155

```
_____
                                 )
WALTER SICOTTE                   )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )
TIME WARNER CABLE, INC.          )
                                 )
        Defendant.               )
_____  )
```

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. § 1441, Defendant Time Warner Cable, Inc. ("Defendant") has filed a Notice of Removal of the above-captioned action in the United States District Court for the District of Massachusetts on July 1, 2016. A certified copy of the Notice of Removal is attached hereto as Exhibit A.

Please take further notice that, upon filing of this Notice of Removal with the Clerk of the Berkshire Superior Court in accordance with 28 U.S.C. § 1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.C. SUPERIOR COURT
FILED
JUL 13 2016
FILED

1

TIME WARNER CABLE, INC.

By its attorneys,

Daniel S. Tarlow, BBO# 552920
dtarlow@PrinceLobel.com
Joseph L. Edwards Jr., BBO# 564288
jedwards@PrinceLobel.com
Andrew L. Baldwin, BBO# 682335
abaldwin@princelobel.com
PRINCE LOBEL TYE LLP
1 International Place, Suite 3700
Boston, MA 02110
Phone: (617) 456-8000
Fax: (617) 456-8100

## CERTIFICATE OF SERVICE

I, Andrew L. Baldwin, certify that on July 12, 2016, I served the foregoing document on plaintiff by sending a true and accurate copy by first-class mail, postage prepaid to counsel for plaintiff in this action to:

Benjamin K. Steffans, Esq.
COHEN KINNE VALICENTI & COOK, LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201

Andrew L. Baldwin

2470180.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| WALTER SICOTTE, | : | |
| Plaintiff | : | Civil Action No.: 16CV 11392—MGM |
| v. | : | |
| TIME WARNER CABLE, INC. | : | I hereby certify on 7/7/2016 that the foregoing document is true and correct copy of the ☐ electronic docket in the captioned case ☒ electronically filed original filed on 7/7/2016 ☐ original filed in my office on _____ Robert M. Farrell Clerk, U.S. District Court District of Massachusetts By: _____ Deputy Clerk |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant Time Warner Cable Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice, Defendant states as follows:

### I.   PROCEDURAL BACKGROUND AND PREREQUISITES

1.    Plaintiff Walter Sicotte ("Plaintiff") commenced a civil action against Defendant on or about May 27, 2016, in the Superior Court of Berkshire County, Commonwealth of Massachusetts, Case No. 1676CV00155 (the "State Court Action").

2.    This Notice of Removal is timely under 28 U.S.C. §§ 1446(b)-(c) because Plaintiff served Defendant with the Summons and Complaint on June 15, 2016.

3.    In his Complaint, Plaintiff asserts claims for (1) violation of Mass. Gen. Laws ch. 151, § 1B for failure to pay overtime wages, which allows for recovery of treble damages; (2) violation of Mass. Gen. Laws ch. 149, § 148 for failure to pay wages, which allows for recovery of treble damages; (3) breach of contract seeking unpaid wages; and (4) unjust enrichment seeking unpaid wages.

1

4.     Pursuant to 28 U.S.C. §§ 1446 and Rules 5.4(F) and 81.1(a) of the Local Rules of the District of Massachusetts, certified paper copies of all records and proceedings in the State Court Action, as well as a disk containing PDFs of all records and proceedings in the State Court Action, shall be filed with the Clerk of Court within 28 days of this Notice of Removal.  A copy of the Complaint that was served upon Defendant's counsel is attached hereto as Exhibit A.

5.     A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the Superior Court of Berkshire County, Commonwealth of Massachusetts, and shall be served on Plaintiff.

6.     Plaintiff's Complaint names only TWCI as a defendant in this action.  However, TWCI never employed Plaintiff and merged out of existence into Spectrum Management Holding Company, LLC ("Spectrum") before the filing of this action, on May 18, 2016.  (Declaration of Martina Davis ("Davis Decl.") ¶ 4, attached hereto as Exhibit B.)  Instead, TWC Administration LLC ("TWCA") employs Plaintiff (*id.* at ¶ 3) and is the only proper defendant in this action.  While its consent is not technically required since it has not been named in this action and is not a party, TWCA consents to removal of this action and does not oppose being substituted as the appropriately named party in lieu of TWCI at the appropriate time.  Spectrum, as successor by merger to the named Defendant in this action, also consents to the removal of this action.

7.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## II.     DIVERSITY JURISDICTION

8.     Removal of this action is proper under 28 U.S.C. § 1332 because the parties' citizenships are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

9.      Plaintiff admits that he is a resident of the Commonwealth of Massachusetts (Compl. ¶ 1), and he is therefore a citizen of the Commonwealth of Massachusetts. *See* 28 U.S.C. § 1332(a)(1) (individual is a citizen of state in which he or she is domiciled).

10.     Based upon the below, both Spectrum, the successor by merger to TWCI, and TWCA, the proper defendant, are citizens of the States of Alabama, Connecticut, Delaware, and New York:

a.      TWCA is a Delaware limited liability company with its principal place of business in Missouri. (Davis Decl. ¶ 5.a.)  TWCA's sole member is Time Warner Cable Enterprises, LLC ("TWCE"), a Delaware limited liability company with its principal business in Missouri. (*Id.*)

b.      Time Warner Cable, LLC ("TWC LLC"), a Delaware limited liability company with its principal place of business in Missouri, is the sole member of TWCE. (*Id.* at ¶ 5.b.)

c.      The sole member of TWC LLC is Charter Communications Operating, LLC ("Charter Communications Operating"), which is a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.c.)

d.      The sole member of Charter Communications Operating is CCO Holdings, LLC ("CCO Holdings"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.d.)

e.      The sole member of CCO Holdings is CCH I Holdings, LLC ("CCH I Holdings"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.e.)

3

f.      The sole member of CCH I Holdings is CCHC, LLC ("CCHC"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.f.)

g.      The sole member of CCHC is Charter Communications Holding Company, LLC ("Charter Communications Holding Co."), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.g.)

h.      The sole member of Charter Communications Holding Co. is Spectrum, a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.h.)

i.      The sole member of Spectrum is Charter Communications Holdings, LLC ("Charter Communications Holdings"), a Delaware limited liability company with its principal place of business in Missouri. (*Id.* at ¶ 5.i.)

j.      The members of Charter Communications Holdings are CCH II, LLC ("CCH II"), a Delaware limited liability company with its principal place of business in Missouri, and Advance/Newhouse Partnership, a New York partnership with its principal place of business in New York. (*Id.* at ¶ 5.j.)

  i.      The members of CCH II are Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut, as well as Coaxial Communications of Central Ohio LLC ("Coaxial Communications"), Insight Communications Company LLC ("Insight Communications"), NaviSite Newco LLC ("NaviSite Newco"), and TWC Sports Newco LLC ("TWC Sports Newco"), all four of which are Delaware limited liability companies with principal places of business in Missouri. (*Id.* at ¶ 5.k.)

4

1.     The sole member of Insight Communications, NaviSite Newco, and TWC Sports Newco is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut. (*Id.* at ¶ 5.l.)

2.     Insight Communications, NaviSite Newco, and TWC Sports Newco are therefore citizens of the States of Connecticut and Delaware. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

3.     The sole member of Coaxial Communications is Insight Communications, a Delaware limited liability company with a principal place of business in Missouri, whose sole member is Charter Communications, Inc., a Delaware corporation with its principal place of business in Connecticut. (Davis Decl. ¶ 5.m.)

4.     Because Insight Communications is a citizen of the States of Connecticut and Delaware, Coaxial Communications is a citizen of the States of Connecticut and Delaware. *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members."); *supra* ¶ 10.j.i.2.

5.     Accordingly, since each of its members is a citizen of the States of Connecticut and Delaware, CCH II is a citizen of the States of Connecticut and Delaware for diversity purposes. *See Pramco, LLC*, 435

F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

ii.      The partners of Advance/Newhouse Partnership are A/NPC Holdings LLC ("A/NPC Holdings") and A/NP Holdings Sub, LLC ("A/NP Holdings Sub"), both Delaware limited liability companies with principal places of business in New York.  (Davis Decl. ¶ 6.a.)

1.      The sole member of A/NP Holdings Sub is A/NPC Holdings. (*Id.* at ¶ 6.b.)

2.      The members of A/NPC Holdings are Newhouse Cable Holdings LLC ("Newhouse") and Advance Communications Company LLC ("Advance Communications"), both New York limited liability companies with principal places of business in New York. (*Id.* at ¶ 6.c.)

3.      The sole member of Newhouse is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York. (*Id.* at 6.d.)

4.      The sole member of Advance Communications is the Birmingham News Company, an Alabama corporation with its principal place of business in Alabama. (*Id.* at 6.e.)

5.      Accordingly, A/NP Holdings Sub, A/NPC Holdings, and therefore Advance/Newhouse Partnership are citizens of the States of Alabama and New York for diversity purposes. *Morson v. Kreindler & Kreindler, LLP*, 616 F. Supp. 2d 171, 173 (D. Mass. 2009) ("The citizenship

of an unincorporated entity, such as a partnership, is determined by the citizenship of all its members.").

iii.     Because its members are citizens of the States of Connecticut, Delaware, and New York, Charter Communications Holdings is a citizen of the States of Alabama, Connecticut, Delaware, and New York for diversity purposes. *See Pramco, LLC*, 435 F.3d at 54 ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

k.     Accordingly, at the time of the filing of this action and as of the date of this removal, Spectrum is now and has been a citizen of the States of Alabama, Connecticut, Delaware, and New York for purposes of determining diversity jurisdiction. *See id.* ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

l.     Likewise, at the time of the filing of this action and as of the date of this removal, TWCA is now and has been a citizen of the States of Alabama, Connecticut, Delaware, and New York for purposes of determining diversity jurisdiction. *See id.* ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.").

11.     Accordingly, complete diversity exists because Plaintiff is a citizen of a state different than Spectrum, TWCI's successor by merger, and the proper defendant, TWCA.

**B.     The Amount in Controversy Exceeds $75,000**

12.     District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

13.     "Because the party invoking federal jurisdiction bears the burden of demonstrating that the court has subject-matter jurisdiction over the case, [Defendant] must show that the amount in controversy exceeds $75,000." *Milford-Bennington R.R. Co., Inc. v. Pan Am Rys., Inc.*, 695 F.3d 175, 178 (1st Cir. 2012) (internal citation omitted). However, a removing defendant does not need to establish that the jurisdictional threshold is met with legal certainty, or even by a preponderance of the evidence, but is only required to "demonstrate that there is a 'reasonable probability' that the amount in controversy exceeds $75,000." *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 233 (D. Mass. 2010).

14.     Here, Plaintiff has not claimed a specific amount of damages. Therefore, the Court may look to the factual allegations in the Complaint and in this Notice of Removal to determine if there is a "reasonable probability" that the amount in controversy has been satisfied. *Composite Co., Inc. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013) ("Defendants can satisfy their burden by 'relying on the face of the complaint in the underlying case,' by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting 'summary judgment type evidence.'"); *see also Joseph E. Bennett Co. v. Trio Indus.*, 306 F.2d 546, 548 (1st Cir. 1962) ("On its face the plaintiff's complaint shows an amount in controversy adequate for federal jurisdiction.").

15.     Removal under 28 U.S.C. § 1332 is proper where the aggregate amount of a plaintiff's claims exceeds $75,000. *See* 28 U.S.C. § 1332(a). While Defendant denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, interest, attorneys' fees, injunctive relief, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, calculated as follows:

**Plaintiff's Allegations of Unpaid Hours Worked**

16.     Until October 2014, Defendant had an "auto-deduct policy" in place in which Defendant's timekeeping system would deduct thirty minutes per day from each employee's scheduled hours to be worked to account for meal breaks. (Davis Decl. ¶ 7.) After October 2014, Defendant required its employees to manually punch in and out of the timekeeping system for their meal breaks. (*Id.*)

17.     Defendant has employed Plaintiff as a technician since May 2004. (Compl. ¶¶ 3-4.)

18.     Plaintiff alleges that during his employment with Defendant he often "performed work during his lunch period and was not paid for that time." (*Id.* ¶ 11.) According to Plaintiff, he worked through approximately sixty percent of his meal breaks. (*Id.* at ¶ 7.)

19.     Plaintiff also contends that during his employment, Defendant "suffered and permitted Plaintiff to perform work . . . before and after the end of his scheduled shift," but "failed to pay Plaintiff for all time spent performing such work." (*Id.* at ¶¶ 14, 16.)

20.     Plaintiff alleges in his Complaint that "at least 4.75 hours of uncompensated time per week, during the period when the auto-deduct policy was in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $178.13 not paid each week." (*Id.* ¶ 19.) He also contends that "at least 2.75 hours of uncompensated time per week, during the period when the auto-deduct policy was not in effect, should have been paid at overtime rates, resulting in approximately $37.50 per hour or $103.13 not paid each week." (*Id.* at ¶ 20.)

**Plaintiff's Claims for Unpaid Overtime Wages and for Violation of the Massachusetts Wage Act (First and Second Causes of Action)**

21.     "Under the Massachusetts Wage Act, Mass. Gen. Laws. Ch. 149, § 148, an employee must be paid within six or seven days of the termination of the pay period during which

9

the wages were earned[.]'" *Guevara-Salgado v. Hayes-Meninno, LLC*, 125 F. Supp. 3d 379, 386 (D. Mass. 2015). An employer who violates this statute must pay the plaintiff treble damages "as liquidated damages, for any loss of wages, and an award of costs and reasonable attorney's fees." *Id.*; Mass. Gen. Laws ch. 149, § 50.

22. Similarly, a successful claim for unpaid overtime wages entitles a plaintiff to "treble damages, as liquidated damages, for lost overtime compensation," as well as "the costs of the litigation and reasonable attorney's fees." Mass. Gen. Laws ch. 151, § 1B; *see also Goodrow v. Lane Bryant, Inc.*, 432 Mass. 165, 178 (2000).

23. The relevant time period covering Plaintiff's claims for unpaid wages and unpaid overtime wages is three years. *See* Mass. Gen. Laws. ch. 151, § 20A ("The provisions of this chapter shall not be applicable to any cause of action accruing more than 3 years prior to the date of filing in court of a criminal or civil action."); *Drexler v. Tel Nexx, Inc.*, 125 F. Supp. 3d 361, 378 (D. Mass. 2015) ("The statute of limitations for Wage Act claims is three years.")

24. According to Plaintiff's allegations, Defendant violated Mass. Gen. Laws ch. 149, § 148 "by not paying Plaintiff all wages to which he was owed, including time he worked before his shift, after his shift, and during lunch." (Compl. ¶ 35.)

25. Plaintiff also alleges that Defendant violated Mass. Gen. Laws ch. 151, ¶ 1B "by not paying Plaintiff time-and-a-half for all hours worked over 40 in a work week, including time he worked before his shift, after his shift, and during lunch." (*Id.* at ¶ 30.)

26. Over the three-year time span relevant to this claim – from May 27, 2013 through the filing of this instant notice of removal – Plaintiff worked at least 161 full weeks.

27. Using Plaintiff's own allegations, he seeks to recover **$65,561.79** in connection with his claims for unpaid wages and unpaid overtime wages, calculated as follows:

a.    $37,407.30 while Defendant's auto-deduct policy was in place ($178.13 weekly wages x 70 weeks from May 31, 2013 to October 2, 2014 x 3 for treble damages), plus

b.    $28,154.49 after Defendant discontinued its auto-deduct policy ($103.13 weekly wages x 91 weeks from October 3, 2014 to June 30, 2016 x 3 for treble damages).

### Plaintiff's Claims for Breach of Contract and Unjust Enrichment (Third and Fourth Causes of Action)

28.    The relevant time period covering Plaintiff's breach of contract and unjust enrichment claims is six years. Mass. Gen. Laws ch. 260, § 2 ("Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."); *Palandijan v. Pahlavi*, 614 F. Supp. 1569, 1577 (D. Mass. 1985) (applying six-year statute of limitations to unjust enrichment claim "to recover from another money which in good equity and good conscience he is not entitled to keep").

29.    According to Plaintiff, "Time Warner and Plaintiff were parties to an agreement pursuant to which Plaintiff promised to perform services on Time Warner's behalf and Time Warner promised to pay Plaintiff for all hours worked." (Compl. ¶ 38.) Plaintiff alleges that he complied with his obligations under the alleged contract between him and Defendant, but that Defendant breached the contract "by failing to pay Plaintiff for all hours worked." (*Id.* at ¶¶ 39-40.)

30.    Plaintiff also contends that he "conferred a benefit upon Time Warner by performing services on its behalf," but that "Time Warner accepted and retained that benefit under unjust and inequitable circumstances insofar as it did not compensate Plaintiff for all hours worked." (*Id.* ¶¶ 43, 45.)

11

31.     Over the three-year time span relevant to these claims for breach of contract and unjust enrichment – from May 27, 2010 to May 26, 2013, excluding the period when Plaintiff would be entitled to treble damages as discussed *supra* – Plaintiff worked at least 158 full weeks.

32.     Using Plaintiff's own allegations, he looks to recover **$28,144.54** in connection with his claims for breach of contract and unjust enrichment ($178.13 weekly wages x 158 weeks).

33.     Accordingly, Plaintiff's alleged damages total **$93,706.33** ($65,561.79 for Plaintiff's First and Second Causes of Action plus $28,144.54 for Plaintiff's Third and Fourth Causes of Action).

## Attorney's Fees

34.     "Even though attorney's fees are typically excluded from the amount-in-controversy determination, there are two exceptions to this rule: when the fees are provided for by contract, and when a statute mandates or allows payment of the fees." *Get in Shape Franchise, Inc. v. TFL Fishers, LLC*, No. 15-12997-PBS, --- F. Supp. 3d ---, 2016 WL 951107, at *7 (D. Mass. Mar. 9, 2016). Both Mass. Gen. Laws ch. 151, § 1B and Mass. Gen. Laws ch. 149, § 148 allow for the recovery attorney's fees. *See* Mass. Gen. Laws ch. 151, § 1B (allowing for recovery of attorney's fees in connection with claim for unpaid overtime compensation); Mass. Gen. Laws ch. 149, § 50 (allowing for recovery of attorney's fees in connection with claim for violation of the Wage Act). Accordingly, attorney's fees may be considered with respect to the amount-in-controversy calculation. *Get in Shape Franchise, Inc.*, 2016 WL 951107, at *7.

35.     This Court has recently held that in claims for unpaid wage, reasonable attorney's fees and expenses would "likely [be] in the neighborhood of $15,000 to $25,000, and no greater than $50,000." *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 24 (D. Mass. 2014) (considering attorney's fees for amount-in-controversy calculation for unpaid wage claim).

36.     Thus, assuming the Court would award $15,000 in attorney's fees, **the total amount in controversy is at least $108,706.33** ($93,706.33 in damages plus $15,000 in attorney's fees), and exceeds the $75,000 threshold.

37.     WHEREFORE, having provided notice as required by law and demonstrating the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the above-entitled action should be removed from the Superior Court of Berkshire County, Commonwealth of Massachusetts to this Court.


Dated: July 1, 2016

/s/ *Andrew L. Baldwin*
ANTHONY GIARDINO, BBO # 672272
agiardino@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
171 17th Street NW
Suite 1500
Atlanta, GA 30363
Tel:  (404) 400-7300
Fax:  (404) 400-7333

DANIEL TARLOW, BBO# 552920
dtarlow@princelobel.com
JOSEPH EDWARDS JR., BBO # 564288
jedwards@princelobel.com
ANDREW L. BALDWIN, BBO # 682335
abaldwin@princelobel.com
PRINCE LOBEL TYE LLP
1 International Place, Suite 3700
Boston, MA 02110
Tel:  (617) 456-8000
Fax:  (617) 456-8100

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of

record for Plaintiff, identified below, by U.S. Mail on July 1, 2016:

Benjamin K. Steffans
Cohene Kinne Valicenti & Cook LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201

*/s/ Andrew L. Baldwin*
Andrew L. Baldwin

14